IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES SCHIAVO, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1384-LPS |
| GOVERNOR JOHN CARNEY and STATE OF DELAWARE, | : |
| Defendants. | : |

Charles Schiavo, Smyrna, Delaware. Pro Se Plaintiff.

Allison Jean McCowan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Governor John Carney.

**MEMORANDUM OPINION**

July 13, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Charles Schiavo ("Schiavo" or "Plaintiff") filed this action on October 14, 2020. (D.I. 1) Since then he has filed a number of motions as well as a combined Amended Complaint and response to Defendant John Carney's motion to dismiss. (*See* D.I. 2, 9, 10, 12, 13, 14, 16, 18, 19, 21, 22, 23, 24) Plaintiff appears *pro se*.

## II. BACKGROUND

Plaintiff commenced this action as a "motion for preliminary injunctive relief from the mandatory requirement of wearing a face mask, social distancing, and any future government mandate requiring vaccinations."[1] (D.I. 1 at 1) As alleged, on March 12, 2020, Defendant Governor John Carney ("Defendant" or "Carney") issued a State of Emergency ("State of Emergency") due to the public health threat of COVID-19. (*Id.* at 2) The State of Emergency became effective March 13, 2020 and made it mandatory for those living in the State of Delaware to wear a mask. (*Id.*) In April 2020, Carney modified the State of Emergency. The modification contained a definition of "face covering" and required all individuals to "wear a face covering except where doing so would inhibit that individual's health or where the individual is under two years of age." (D.I. 1 at 2-3; *see also* D.I. 15 at 15-7 at 4-5) Plaintiff alleges the State of Emergency and modification have the force and effect of law and that any failure to comply with the provisions of the State of Emergency constitutes a criminal offense. (D.I. 1 at 3) (citing 10 Del. C. §§ 3115(b), 3116(9), 3122, 3125) State and local law enforcement agencies are authorized to enforce its provisions. (*Id.*)

---

[1] The allegations in the Complaint and Amended Complaint speak only to the mask mandate, with no allegations regarding social distancing, mandatory vaccines, or vaccination cards.

Plaintiff seeks immediate injunctive relief "because of the serious health related risks directly linked to the order to wear the masks and it's unconstitutional." (D.I. 1 at 4) Plaintiff references several case studies to support his position. (*Id.* at 4-29)

On January 15, 2021, Carney filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for Plaintiff's lack of standing and Fed. R. Civ. P. 12(b)(b)(6) for failing to state any viable claim.[2] (D.I. 14) On February 17, 2021, Plaintiff filed a notice of "motion to amend original filings and for the Court to approve the additional requests . . . and this reply represents the Plaintiff's response to the Defendant's motion to dismiss." (D.I. 16) This improperly-combined Amended Complaint and opposition to the motion to dismiss seeks: (1) a default judgment against defendants or, in the alternative, unlimited subpoena authority; (2) to criminally charge individuals when there is evidence to do so; (3) injunctive relief; (4) amendment of the original filing; (5) removal of "immunity;" (6) discontinuation of the sale of all vaccines; (7) no mandatory vaccine requirement upon citizens; (8) a declaration that several executive orders are unconstitutional; (9) permission to file criminal charges against members of the CDC and other individuals; and, (10) conversion of the Complaint to a class action lawsuit. (*Id.* at 2-5) Plaintiff's opposition to the motion to dismiss is found at pages 6 through 27 of the combined pleading, and the Amended Complaint is found at pages 27 through 79 of the combined pleading. (*Id.* at 6-79)

The Amended Complaint incorporates all the information contained in the original Complaint. (*Id.* at 76) In addition, the body of the Amended Complaints speaks to alleged actions by federal agencies and federal employees, none of whom are defendants, and seeks the same relief

---

[2] As will be discussed, Plaintiff lacks standing and, therefore, the Court does not analyze dismissal under Rule 12(b)(6).

discussed in the above paragraph. (*Id.* at 76-78) It also asks that the two executive orders (presumably those signed by Governor Carney) be declared unconstitutional. (*Id.* at 77)

## III. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." Constitutional standing "is properly tested under Rule 12(b)(1)" and "may be challenged facially or factually." *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 885 (3d Cir. 2020). "A facial challenge argues that the plaintiff's factual allegations cannot meet the elements of standing." *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d at 885 (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). A factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## IV. DISCUSSION

Defendant argues that Plaintiff fails to allege facts to establish Article III standing because the pleadings do not attempt to demonstrate either an injury in fact that is personal to Plaintiff or a cognizable interest held by Plaintiff. (D.I. 14 at 6) "The issue of standing is jurisdictional" and may need to be addressed as a threshold issue in any case before a United States Court. *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Government of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000). "The party invoking federal jurisdiction bears the burden of establishing standing." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted).

3

"To establish constitutional standing, 'a plaintiff must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). If a litigant does not meet these requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

For an injury to be cognizable, it must not be "too speculative" and must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). "[A]llegations of possible future injury" are insufficient. *Id.* (internal quotation marks omitted). In addition, when a plaintiff seeks an injunction to enjoin future conduct, the plaintiff must establish that he is "likely to suffer future injury from the defendant's conduct." *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018) (internal quotation marks omitted).

Liberally construing the Complaint and Amended Complaint, Plaintiff's allegations could be construed to assert standing based upon the "serious health related risks directly linked to the order to wear the masks and it's unconstitutional" and the threat of enforcement by State and local law enforcement agencies. In his response, Plaintiff argues that he, "along with millions of fellow Americans, has suffered untold damages due to the Governor's unconstitutional state-wide quarantine" and are being severely damaged both financially and emotionally by the governor's unconstitutional quarantine. (D.I. 16 at 6) Plaintiff states that he is self-employed and that small

businesses have been forced out of business and/or into bankruptcy. (*Id.*) Plaintiff's opposition does not state this actually happened to him or his business.[3]

Plaintiff must show that the threat of injury-in-fact is "actual and imminent, not conjectural or hypothetical." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "A threatened injury must be certainly impending and proceed with a high degree of immediacy." *Reily v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011); *see also Whitmore v. Arkansas*, 495 U.S. at 155 (explaining that imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms").

There are no allegations in the Complaint and Amended Complaint of an injury personal to Plaintiff or to others. Notably, Plaintiff does not allege that he wears a mask, has been harmed by the State of Emergency, has been subjected to any civil enforcement or fines, or has suffered economic harm or even speculative harm. The allegations in the Complaint and Amended Complaint do not allege that Plaintiff suffered an injury in fact.[4]

---

[3] This information is not contained in the Complaint or Amended Complaint and is raised for the first time in Plaintiff's opposition to the motion to dismiss. Plaintiff may not amend his complaint through his opposition brief, and these new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Tyler v. Cruz*, 2017 WL 132842, at *5 (D.N.J. Jan. 13, 2017).

[4] The Court takes judicial notice that on May 18, 2021, Governor Carney signed the 29th modification, effective May 21, 2021, that eliminated social distancing requirements and removed Delaware's mask mandate, and continued to require mask-wearing only on public transit, planes, in schools, health care facilities, and settings like prisons and homeless shelters, as well as State-owned buildings and facilities. *See* https://news.delaware.gov/2021/05/18/governor-carney-signs-29th-modification-eliminates-distancing-and-mask-mandate (last visited May 27, 2021) ("May 18, 2021 Order"). The Court further takes judicial notice that on July 12, 2021, Governor Carney signed an order lifting his emergency orders, effective on July 13, 2021. *See* https://governor.delaware.gov/health-soe/public-health-emergency/ (last visited July 13, 2021) ("July 12, 2021 Order").

Assuming, for the sake of argument, that Plaintiff met the requirements of injury in fact and alleged injury traceable to Defendants, *see e.g., Parker v. Wolf,* __F. Supp. 3d__, 2020 WL 7295831 (M.D. Pa. Dec. 11, 2020), he still does not meet the "particularly" or "redressability" requirements for standing. As discussed, Plaintiff has not alleged he suffered any injuries as a result of the State of Emergency. Even if he had, any alleged injuries suffered as a result of wearing a mask are identical to those suffered by every other citizen in the State of Delaware. "[I]t is not the sheer number of people who suffer the same injuries claimed by Plaintiff[] that forecloses a finding of 'particularity' – it is that each of those citizens, under Plaintiff's theory, suffers an injury indistinguishable from any other" Delawarean. *Parker v. Wolf,* 2020 WL 7295831, at *12 (citing *Carney v. Adams,* 592 U.S. __, 141 S.Ct. 493, 502 (2020) ("Adams has not sufficiently differentiated himself from a general population of individuals affected in the abstract by the legal provision he attacks.")). Plaintiff simply opposes the mask mandate. "A mere interest in an event – no matter how passionate or sincere the interest and no matter how charged with public import the event – will not substitute for an actual injury." *United States v. AVX Corp.,* 962 F.2d 108, 114 (1st Cir. 1992).

In addition, for the element of redressability "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (internal quotation marks omitted). Plaintiff has neither sufficiently alleged an intent to engage in the proscribed conduct, nor adequately alleged that he faces a credible threat of future enforcement by Defendant. The pleadings are replete with Plaintiff's disagreement with the State of Emergency. However, this does not suffice to show standing. Assuming that Plaintiff had adequately alleged injuries that result from wearing a mask, it is too speculative to conclude that those injuries would abate by enjoining Defendant from enforcing the State of Emergency. The injunctive relief sought would not prevent local enforcement from enforcing the State of

6

Emergency. Notably, the most recent modification to the State of Emergency lifted the mandatory mask requirements and, as of the date of this decision, the State of Emergency has ended. *See* July 12, 2021 Order.

In light of the foregoing, the Court concludes that Plaintiff has not met his burden to show standing. *See e.g., Parker*, 2020 WL 7295831 (plaintiffs lacked Article III standing to enjoin governor, attorney general, and secretary of health from enforcing mask mandate); *Bechade v. Baker*, 2020 WL 5665554 (D. Mass. Sept. 23, 2020) (plaintiff who did not show mask requirement caused any concrete and particularized or actual or imminent harm did not have Article III standing); *In Shelton v. City of Springfield*, 497 F. Supp. 3d 408, 413-414 (W.D. Mo. 2020) (plaintiff who claimed injury due to mask order lacked standing to challenge ordinance because alleged fear of fine for failure to comply with order and fear of harassment from others was hypothetical harm and not actual injury and, anyway, was not traceable to defendants).

Plaintiff does not have standing to proceed. Therefore, the Court will grant Defendant's motion to dismiss.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion to expedite and motion for court action (D.I. 2, 24); (2) deny Plaintiff's motions for default judgment (D.I. 9, 12, 18, 19, 22); (3) deny as moot Plaintiff's motion for extension of time to amend complaint and motion to amend default judgment and enforce subpoena (D.I. 10, 13); (4) deny Plaintiff's motions for hearings (D.I. 21, 22, 25); (5) deny Plaintiff's motion to amend to convert the amended complaint into a class action (D.I. 23); and (6) grant Defendant's motion to dismiss for Plaintiff's lack of standing (D.I. 14). An appropriate Order will be entered.